# Jess G. Bates, Defendant in Error, v. Nyberg Automobile Works, Plaintiff in Error.

## Gen. No. 16,272.

MEASURES OF DAMAGES—*in action for wrongful conversion.* In an action for wrongful conversion of personal property the value of such property at the time of the conversion is the proper measure of damages.

Error to the Municipal Court of Chicago; the HON. McKENZIE CLELAND, Judge, presiding. Heard in this court at the March term, 1910. Affirmed on remittitur. Opinion filed May 20, 1912.

William A. Jennings, for plaintiff in error.

James W. Taylor, for defendant in error.

Mr. Presiding Justice Brown delivered the opinion of the court.

The defendant in error, Bates, bought an automobile for $750 from the Nyberg Automobile Works, the plaintiff in error, August 7, 1909. Bates paid $100 in cash and gave the Nyberg Automobile Works eight judgment notes of $75 each, payable to the order of that corporation, with interest at six per cent after maturity, in 30, 60, 90, 120, 150, 180, 210 and 240 days after date respectively, and a ninth single judgment note for $50, payable in 270 days after date. At the same time the Nyberg Automobile Works gave a memorandum bill of sale and warranty on an "order blank" to Bates, which contained a provision as follows: "It is understood that no verbal or other agreement or promise not clearly specified in this order will be recognized."

No mention is made, either in the notes or in the contract bill of sale, of any chattel mortgage to be given by Bates. The claim however was made by the plaintiff in error on the trial of this case in the Court below, that Bates promised to make a chattel mortgage of the machine to secure the notes. Bates vigorously contradicted this statement, but the contention, coupled with the conceded fact that Bates had not executed or delivered any such mortgage, was made the basis of the Automobile Company's defense to this suit. If the disposition of the writ of error at bar turns on the preponderance of proof on this matter, we hold that the defendant has not established his contention. We do not think there is any preponderance of proof that Bates ever agreed to give any mortgage.

Bates found the machine unsatisfactory to him, spent, as he says, a sum approximating $100 on it and, as it still was unsatisfactory in its working, on Au-

gust 24, 1909, took it back to the Automobile Company and asked the Manager of the Company to make it run properly. Bates and Nyberg then had some discussion, apparently heated, which, according to Nyberg's own testimony, resulted in Nyberg's refusing to let Bates take out the car again from the shop unless he executed a chattel mortgage on it. Bates says he demanded the car and it was refused. He then brought suit in the Municipal Court of Chicago, stating his claim to be ''for the conversion by the defendant on or about August 24, 1909, of personal property of the plaintiff, consisting of a two-cylinder Buick Runabout.''

The cause was heard by the Municipal Court without a jury and judgment rendered in favor of the plaintiff for $845. This judgment the Nyberg Automobile Works has sued out the present writ of error to reverse.

We can see no ground for denying the liability of plaintiff in error for the value of the automobile at the time of the conversion. But we cannot see in the evidence justification for the amount at which the damages are assessed. The price which Bates agreed to pay for the car, plus the cost of the repairs he had made on it, seems to have been taken as the measure. This is not repugnant to justice, but it is not consistent with the law as applied to the evidence in the case. The value of the automobile when it was wrongfully seized was, under the law, the measure of damages to be applied. In the absence of any other evidence in the record, a certain presumption or inference as to that value might perhaps have been drawn from the purchase price, but there was other evidence. The plaintiff in error contends that Bates furnished such evidence and fixed the value at $350 by his answer to a question as to the value of a second-hand machine such as the one in question. He said, ''You can buy them all

the way from $350.'' This was not a statement as to the value of this particular car.

But Nyberg was asked the question directly: ''What was the value of the car when you received it from Bates on the 24th day of August last?'' His answer was, ''About $650.'' This is the only really competent evidence offered at the trial as to the value of the car as it stood with the repairs that Bates had made on it when it was seized by the plaintiff in error. We have no alternative but to hold it as the measure of damages that should have been adopted by the trial Court. The judgment of the Municipal Court on December 1, 1909, should have been $650—not $845.

On condition that within ten days the defendant in error files such a *remittitur* from said judgment as to make it $650, with interest at 5 per cent. per annum from December 1, 1909, to the date of such *remittitur,* we affirm the judgment; otherwise the judgment will be reversed and the cause remanded.

*Affirmed on remittitur.*

*Remittitur* filed and judgment affirmed May 31, 1912.